IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -4 PM 3: 12

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| BELTANA TRANSPORT, and<br>BRUCE E. POND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 05-2031 M1/P |
| ANDREW OBERLE and BELTANA<br>TRANSPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER GRANTING AWARD OF ATTORNEY'S FEES

Before the Court is Plaintiffs' Motion for Clarification, filed July 1, 2005. On July 13, 2005, the Court ordered Defendants to show cause why the Court should not award Plaintiffs $5,480.75 in attorney's fees and $190.00 in costs in connection with Plaintiffs' previous motion to remand. Defendants responded to the order to show cause and in opposition to Plaintiffs' motion on July 19, 2005. Plaintiffs filed a response to Defendants opposition on July 22, 2005. Defendants filed a second response to Plaintiff's motion on July 27, 2005.

On March 22, 2005, the Court granted Plaintiffs' motion to remand this case to the Chancery Court of Shelby County and for attorney's fees and costs related to the motion to remand. (See Order Granting Mot. to Remand, March 22, 2005 (Docket No. 13).) In its July 1, 2005, motion for clarification, Plaintiffs submitted

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___8-4-05___

23

the sworn affidavit of Daniel C. Shumake, Plaintiffs' counsel, in support of their request for attorney's fees. (Pls.' Mot. for Clarification, Ex. C (Aff. of Daniel C. Shumake) ¶ 4.)  Mr. Shumake's affidavit indicates that he charged an hourly rate of $185.00 for his services and that staff from Mr. Shumake's firm spent a total of 32.55 hours in connection with Plaintiffs' motion to remand.  (Id.)  In total, Mr. Shumake's affidavit indicates that his firm billed a total of $5,480.75 in attorney's fees and that Plaintiffs incurred $190.00 in costs related to the motion for remand. (Id.)

The primary concern in an attorney's fee application is that the fee awarded be reasonable.  <u>Reed v. Rhodes</u>, 179 F.3d 453, 471 (6th Cir. 1999)(citing <u>Blum v. Stenson</u>, 465 U.S. 886, 893 (1984))[1]. "The party seeking attorneys fees bears the burden of documenting [its] entitlement to the award."  <u>Reed</u>, 179 F.3d at 472 (citing <u>Webb v. Dyer County Bd. of Educ.</u>, 471 U.S. 234, 242 (1985)).  A fee applicant is required to submit evidence supporting the hours worked and the rates claimed.  <u>Id.</u> (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)).

Defendants contend that the attorney's fees requested are insufficiently documented and represent an excessive fee.  The Court finds, however, that Plaintiffs have sufficiently documented their entitlement to an award of attorney's fees and that the

---

[1] Although <u>Reed</u> involved a fee award pursuant to 42 U.S.C. § 1988, the Court finds its holding applicable to the instant case.

amount of attorney's fees requested are reasonable.  Accordingly,
Plaintiff's motion for clarification, which the Court hereby
construes as a motion for an award of attorney's fees, is GRANTED.
Defendants shall pay to Plaintiffs $5,480.75 in attorney's fees.
In addition, Plaintiffs are granted leave to file a supplemental
fee petition seeking compensation for attorney's fees incurred in
filing their motion for clarification and reply.[2]

Defendants also contend that Plaintiffs are not entitled to
$190.00 in costs because they failed to timely apply for an award
of costs pursuant to Local Rule 54.1.[3]  The Court finds that the
time for Plaintiffs to apply for costs should be tolled pending the
Court's resolution of Plaintiffs' motion for clarification.
Accordingly, should Defendants not agree to Plaintiffs' request for

---

[2] Although Plaintiffs requested an additional $1,480.00 in
their July 22, 2005, reply, the Court cannot determine the
reasonableness of that request because no affidavit accompanied
the submission indicating the number of hours spent regarding the
motion for clarification and reply, the relevant hourly billing
rate, and a description of the work performed.

[3] Local Rule 54.1(b) provides, in relevant part:
  Costs.  If counsel for the litigants in a civil case
  can agree on costs, it is not necessary to file a cost
  bill with the clerk.  If counsel cannot agree, a cost
  bill will be filed with the clerk within thirty days
  from the termination of the case.  If a cost bill is
  filed, the clerk will assess costs after notice and
  hearing.  No costs are to be paid through the clerk
  except those that are due the clerk.

U.S. Dist. Ct., W.D. Tenn. Loc. R. 54.1(b).

$190.00 in costs, Plaintiffs will be allowed to file an application for costs within 30 days from the date of entry of this order.

SO ORDERED this ___4___ day of August, 2005.


JON P. McCALLA
UNITED STATES DISTRICT JUDGE

-4-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:05-CV-02031 was distributed by fax, mail, or direct printing on August 4, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Daniel C. Shumake
THE MASON LAW FIRM
4715 Spottswood Aveune
Memphis, TN 38117

Patrick B. Mason
THE MASON LAW FIRM, P.C.
4715 Spottswood Ave.
Memphis, TN 38117--481

Monroe S. David
DAVID LAW FIRM
7204 Skidmore Cove
Memphis, TN 38119--890

Honorable Jon McCalla
US DISTRICT COURT